UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80834-CIV-COHN/SELTZER

ARRINGTON MULLINS,

     Plaintiff,

v.

POSH POTTIES, LLC, a Florida limited liability
company, A1 PORTABLE TOILETS, INC., a
Florida corporation, and RICHARD F. WILE,
individually,

     Defendants.

_____/

## ORDER ON MOTION TO DISMISS

     **THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint or for a More Definite Statement [DE 7] ("Motion"). The Court has considered the Motion, Plaintiff's Response [DE 8], and Defendants' Reply [DE 9], and is otherwise advised in the premises.

## I.  BACKGROUND

     This action arises from Defendants' alleged failure to pay Plaintiff overtime wages. Plaintiff alleges that he was employed by Defendants Posh Potties, LLC ("Posh") and A1 Portable Toilets, Inc. ("A1") beginning on or about August 6, 2012. DE 1 ¶¶ 3, 7. Defendant Richard F. Wile allegedly owned and operated Posh and A1, and in turn supervised Plaintiff. Id. ¶ 7. Plaintiff alleges that he worked overtime hours for Defendants but did not receive the overtime wages required by law. Id. ¶¶ 13, 15. Plaintiff therefore brings one claim against all three Defendants pursuant to the Fair Labor Standards Act ("FLSA"), seeking to recover this unpaid overtime compensation.

Id. ¶¶ 17–21. Defendants have moved to dismiss the Complaint or to compel a more definite statement, asserting that the Complaint does not contain enough factual matter to allow them to respond to its allegations. DE 7.

## II.  DISCUSSION

### A.  Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. A well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556 (internal quotation marks omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

### B.  Analysis

Defendants contend that Plaintiff has alleged insufficient facts to plead a claim for a failure to pay overtime. DE 7 at 2–3. To state a claim for failure to pay overtime under

the FLSA, Plaintiff must allege that he was employed by Defendants, that the FLSA's requirement of individual or enterprise coverage has been met, and that Defendants failed to pay him overtime compensation required by law. See Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). Defendant takes particular issue with Plaintiff's purported failure to state which specific Defendants were Plaintiff's employers. DE 7 at 3. Although the Court finds that Plaintiff has sufficiently alleged which Defendants were his employers, the Complaint does not contain enough factual material to plead that the claims herein fall within the FLSA's coverage. The Court therefore will dismiss the Complaint with leave to amend.

**1.  Plaintiff Has Sufficiently Alleged that Defendants Jointly Employed Him**

Defendants contend that Plaintiff has not sufficiently alleged who employed him, or what relationship among Defendants existed with regard to Plaintiff's employment. DE 7 at 3. Defendants argue that they cannot formulate a response to the Complaint without greater factual specificity regarding the conditions of Plaintiff's employment. Id. The Court disagrees, and finds that Plaintiff has sufficiently pleaded that all three Defendants employed him jointly.

Under the FLSA, an employee may be jointly employed by multiple employers. Whether multiple employers are "joint employers" depends upon the facts and circumstances of a given case. 29 C.F.R. § 791.2(a). A joint-employment relationship may exist when the employee "performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek." Id. § 791.2(b). This joint employment relationship "generally will be considered to exist . . . [w]here one employer is acting . . . in the interest of the other employer (or employers) in relation to the employee . . . or [w]here the employers . . .

3

may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer." Id. § 791.2(b)(2), (3).

Here, Plaintiff alleges that all three Defendants employed him. DE 1 ¶¶ 3, 7–9. Plaintiff claims that he worked for both Posh and A1. Id. ¶ 7. Plaintiff further alleges that Wile owned Posh and A1, controlled those companies, acted in their interests, supervised Plaintiff for Posh and A1, and was involved in the companies' day-to-day operations such that he also was Plaintiff's "employer" within the meaning of the FLSA. Id. These factual allegations, while admittedly sparse, assert that Posh and A1 were under common control of Wile and that Plaintiff's work simultaneously benefitted all three Defendants. Plaintiff has therefore sufficiently alleged that all three Defendants jointly employed him, and need not specify further details of his employment arrangements with each Defendant at this stage. See 29 C.F.R. § 791.2(b); Hernandez v. Art Deco Supermarket, No. 13-20705, 2013 U.S. Dist. LEXIS 143824, at *9–11 (S.D. Fla. Oct. 4, 2013) (finding "joint employer" status of corporate defendants sufficiently pleaded where plaintiff alleged that corporations under common control were joint employers); Reilly v. Madison Ave. Media, Inc., No. 12-80558, 2012 U.S. Dist. LEXIS 146404, at *5–7 (S.D. Fla. Oct. 11, 2012) (holding plaintiff had sufficiently pleaded that manager with day-to-day involvement in corporation was joint employer with corporation).

## 2.  Plaintiff Has Failed to Plead FLSA Coverage

The Complaint is nevertheless deficient because Plaintiff has failed to plead FLSA coverage. A claim under the FLSA requires a nexus with interstate commerce which can be met by either individual coverage of the employee at issue or enterprise

4

coverage of the defendant business. <u>Thorne v. All Restoration Servs., Inc.</u>, 448 F.3d 1264, 1265–66 (11th Cir. 2006). Plaintiff's allegations regarding both individual and enterprise coverage are mere legal conclusions, unsupported by fact, and fail to satisfy the applicable pleading standard.

A plaintiff pleading individual coverage must allege facts illustrating that he was engaged in commerce or in the production of goods for commerce. <u>Ceant v. Aventura Limousine & Transp. Serv., Inc.</u>, 874 F. Supp. 2d 1373, 1377–78 (S.D. Fla. 2012); <u>see also Thorne</u>, 448 F.3d at 1265–66. Here, however, Plaintiff merely asserts in conclusory fashion: "Plaintiff and those employees similarly situated worked in interstate commerce so as to fall within the protections of the [FLSA]." DE 1 ¶ 10. Plaintiff does not buttress this legal conclusion with any facts whatsoever, such as any reference to the nature of his work beyond his job title of "Driver." <u>See id.</u> ¶ 3. Without supporting facts to allow the Court to draw an inference that Plaintiff was engaged in commerce, this "formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555; <u>see also Ceant</u>, 874 F. Supp. 2d at 1377–78 (holding that plaintiff had failed to plead individual coverage where plaintiff alleged he worked as "driver" but provided no further allegations about nature of his work).

On the other hand, a business alleged to come within the FLSA's enterprise coverage must have "employees engaged in commerce or in the production of goods for commerce, or [have] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and must have at least $500,000 of "annual gross volume of sales made or business done." <u>Polycarpe v. E & S Landscaping Serv., Inc.</u>, 616 F.3d 1217, 1220 (11th Cir. 2010)

(quoting 29 U.S.C. § 203(s)) (per curiam). Plaintiff has failed to allege a single fact regarding the nature of Defendants' business to support his legal conclusion that enterprise coverage applies, and merely recites the statutory requirements for such coverage. Plaintiff states: "Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendant having annual gross volume of sales or business done of not less than $500,000 within the meaning of . . . the FLSA." DE 1 ¶ 10. Again, this bare-bones legal conclusion merely tracks the legal prerequisites for enterprise coverage, unsupported by any factual allegations regarding the nature of Defendants' business, and is thus deficient. See Perez v. Muab, Inc., No. 10-62441, 2011 U.S. Dist. LEXIS 22275, at *7–8 (S.D. Fla. Mar. 7, 2011) (dismissing complaint where plaintiff failed to plead facts regarding nature of defendant's business that would support a finding of enterprise coverage).

In sum, Plaintiff has stated only unsupported legal conclusions that his claims implicate the FLSA's individual and enterprise coverage. By way of contrast, the applicable pleading standards require a complaint to contain sufficient *factual* matter to support the elements of the asserted cause of action. Glover, 459 F.3d at 1308. Because Plaintiff has not alleged facts supporting the necessary element of FLSA individual or enterprise coverage, see Morgan, 551 F.3d at 1277 n.68, the Court will dismiss the Complaint with leave to replead.[1]

---

[1] For purposes of the Amended Complaint, the Court concludes that Plaintiff has sufficiently alleged that he has worked overtime hours and did not receive overtime compensation for that work. See DE 1 ¶¶ 13, 15.

### III.  CONCLUSION

Because Plaintiff has failed to plead facts supporting his allegations of individual or enterprise coverage under the FLSA, the Court will dismiss the Complaint without prejudice, and with leave to replead. As the Court will dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court declines to address Defendants' request for a more definite statement under Rule 12(e).

Furthermore, upon review of the record it is apparent that Plaintiff has failed to comply with the Court's Notice of Court Practice in FLSA Cases [DE 4], which directed Plaintiff to file Statement of Claim on or before September 9, 2013. The Court will require Plaintiff to file his Statement of Claim by the time set for the filing of his Amended Complaint.

In accordance with the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Plaintiff's Complaint or for a More Definite Statement [DE 7] is **GRANTED**;

2. The Complaint [DE 1] is **DISMISSED without prejudice**;

3. Plaintiff shall file a Statement of Claim as provided in the Notice of Court Practice in FLSA Cases [DE 4] on or before **November 6, 2013**; and

4. Plaintiff shall file an Amended Complaint in accordance with this Order on or before **November 6, 2013**. Failure to timely file an Amended Complaint shall result in the closing of this case.

7

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 22nd day of October, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF